IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LOREN CHRISTOPHER TARABOCHIA, | CV. 05-88-JE |
| Plaintiff, | ORDER TO DISMISS |
| v. | |
| CLATSOP COUNTY, OREGON, JOHN RAICHL, RON STEVENS, MICHAEL SMITH, RICHARD MOYER, CHUCK HATCHER, and TOM BERGIN. | |
| Defendants. | |

REDDEN, District Judge.

Plaintiff, an inmate at the Snake River Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an order entered by the court, plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, plaintiff's request for a preliminary injunction is denied, and his Complaint is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

1 - ORDER TO DISMISS

## BACKGROUND

Plaintiff filed this action on January 20, 2005. In his Complaint, plaintiff challenges a Clatsop County policy requiring all inmates proceeding to a jury trial to wear a stun belt. On March 22, 2005, the court issued an Order requiring plaintiff to clearly identify the nature of his claim, and to show cause why this case should not be dismissed on the basis that any decision in his favor would imply the invalidity of his criminal convictions.

Plaintiff responded by filing an Amended Complaint (with a request for leave to do so) and a Motion for Preliminary Injunction. He seeks $65,000 in damages.

## STANDARDS

Notwithstanding the payment of any filing fee or portion thereof, the court shall dismiss a case at any time if it determines that:

(B) the action . . .

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the

2 - ORDER TO DISMISS

allegations.'"  Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989).  In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party.  Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt.  McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies.  McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987).  A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

///

///

**DISCUSSION**

**I. Motion to Amend (#14).**

Plaintiff's Motion seeking to amend his Complaint in response to the court's Order to Show Cause is granted.

**II. Amended Complaint (#15).**

Plaintiff alleges that he was forced to wear a stun belt for the duration of his trial from January 28, 2003 to February 5, 2003. He claims that it is the policy of the Clatsop County Jail to require all criminal defendants who exercise their right to a jury trial to wear stun belts. He argues that this requirement constitutes an illegal policy because Clatsop County is essentially usurping the authority of the trial judge. Plaintiff therefore concludes that the policy "violates his [due process] right to have the judge personally require the wearing of restraints during a trial, after a finding of a security risk or safety risk." Amended Complaint (#15), p. 5.

As the court previously advised plaintiff, when a state prisoner seeks damages under 42 U.S.C. § 1983, a district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. A 42 U.S.C. § 1983 action that would call into question the lawfulness of a plaintiff's conviction or confinement is not cognizable unless the plaintiff can prove that his conviction or

4 - ORDER TO DISMISS

sentence has already been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477, 486-487 (1994); Harvey v. Waldron, 210 F.3d 1008, 1013 (9th Cir. 2000).

In this case, petitioner asks the court to invalidate the Clatsop County stun belt policy on the basis that it violates his right to due process of law.  Were the court to find in plaintiff's favor, its conclusion would imply the invalidity of his criminal convictions.  That is, a finding in this civil case that plaintiff was deprived of his liberty as a result of a due process violation in his criminal trial necessarily implies that he was wrongly convicted.  Accordingly, plaintiff must first succeed in a direct appeal or collateral attack on his convictions before he may bring a § 1983 action based on the alleged due process violation. Plaintiff's Amended Complaint is therefore dismissed, without prejudice, for failure to state a claim.

III. **Motion for Preliminary Injunction (#12, #13, #18)**.[1]

Plaintiff asks the court to immediately enjoin defendants from implementing the stun belt policy at issue.  As an initial matter, plaintiff lacks standing to request an injunction because his

---

[1] Although plaintiff also filed a Motion for Temporary Restraining Order (#12) along with his first Motion for Preliminary Injunction (#13), the court has consolidated these Motions into a single request for preliminary injunctive relief.

criminal trial ended on February 5, 2003, and he cannot obtain an injunction on behalf of other inmates. See <u>C.E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir. 1987) (*pro se* plaintiff may represent himself only). Moreover, because the court has dismissed plaintiff's Amended Complaint for failure to state a claim, preliminary injunctive relief is not appropriate.

## **CONCLUSION**

Plaintiff's Motion to Amend (#14) is GRANTED. However, based on the foregoing, IT IS ORDERED that plaintiff's Amended Complaint (#15) is DISMISSED for failure to state a claim. The dismissal is without prejudice to plaintiff's right to refile his case should he invalidate his underlying criminal convictions in the future.

Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction (#12, #13, #18) are DENIED.

IT IS SO ORDERED.

DATED this ___30th___ day of June, 2005.

                                          /s/ James A. Redden
                                          James A. Redden
                                          United States District Judge